UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PEGGY ANNE VALIANTE | : | |
| | : | |
| v. | : | CIV. NO. 3:09CV2115(WWE) |
| | : | |
| VCA ANIMAL HOSPITALS, INC. | : | |

ORDER

The parties have submitted for this Court's consideration a joint letter, which the Court will construe as a motion to compel, outlining a discovery hurdle the parties have been unable to resolve. [Doc. # 23].

Plaintiff, Peggy Anne Valiante, a former employee of Defendant, VCA Animal Hospital, claims that Defendant, in violation of state and federal law, terminated Plaintiff, discriminating and retaliating against her because of a disability. Plaintiff alleges that she was terminated following a car accident in 2007, involving third-party Rosa Vargas, that resulted in her hospitalization and leave of absence. Defendant counters that Plaintiff was terminated as part of a reduction in force.

Defendant seeks production of documents, including a settlement agreement, generated during the course of a litigation

1

between Plaintiff and third-party Rosa Vargas ("the Vargas litigation"), a personal injury action settled out of Court. Specifically Defendant seeks to compel a response to Request for Production No. 42 and Interrogatory No. 13.[1] For the reasons stated, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. V. M/V Fakredine, 951 F.2d

---

[1] The Court is not privy to the exact language of Request for Production No. 42 and Interrogatory No. 13. Exhibit B to the joint letter paraphrases the substance of the requests at issue stating that Interrogatory No. 13 requests information related to "any other lawsuit" and Request for Production No. 42 requests "all documents" that "relate" to "another lawsuit". Despite the expansive language, the parties have narrowed down the request to documents related to the Vargas litigation.

2

1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Discussion

In support of its Motion to Compel, Defendant argues that information relating to the Vargas litigation, including the ability to depose Ms. Valiante as to the Vargas litigation, is vital to defend against Plaintiff's claim that her termination (1) exacerbated her physical injuries and (2) lead to increased medical expenses. In response, Plaintiff argues that the information sought is irrelevant because Plaintiff only seeks out-of-pocket medical expenses that were incurred *because of* the loss of her employment and health insurance. In Plaintiff's view, these damages represent an item of damages separate and apart from the damages sought and recovered in the third-party personal injury action. Plaintiff further argues that the request is not reasonably calculated to lead to the discovery of admissible evidence because the settlement agreement is inadmissible under Federal Rule of Evidence 408.

The Court has reviewed *in camera* the settlement agreement in the Vargas litigation.

While Rule 408 of the Federal Rules of Evidence limits the introduction at trial of evidence regarding settlement negotiations, it only applies to the admissibility of evidence at trial, not to discovery. Bradley v. Fontaine Trailer Co.,

2007 WL 2028115, (D. Conn. 2007); ABF Capital Management v. Askin Capital Management, 2000 WL 191698, (S.D.N.Y. 2000); SEC v. Downe, 1994 WL 23141 (S.D.N.Y. Jan.27, 1994) (citations omitted). Instead, Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the general standard for discovery. "Prevailing authority within this Circuit holds that the discovery of settlement-related information is governed by this rule, and that no heightened showing of relevance need be made in order to justify the disclosure of a settlement agreement." ABF Capital Management v. Askin Capital Management, 2000 WL 191698, at *1 (S.D.N.Y. 2000)(citing Burda Media, 1999 WL 413469, at *3; Collister Alley Music, Inc. v. Warner Bros. Records Inc., No. 96 Civ. 1762 LMM HBP, 1997 WL 198081, at *1 (S.D.N.Y. Apr. 22, 1997); Griffin v. Mashariki, No. 96 Civ. 6400(DC), 1997 WL 756914, at *1 (S.D.N.Y. Dec. 8, 1997); Bank Brussels Lambert v. Chase Manhattan Bank, N.A., Nos. 93 Civ. 5298, 8270(LMM) (RLE), 1996 WL 71507, at *3 (S.D.N.Y. Feb. 20, 1996)).

As such, the instant motion is governed by the requirements of Rule 26.

The Court finds that information regarding the injuries Plaintiff sustained from the car accident with Ms. Vargas and any potential set-offs to damages claimed in this case may provide Defendant with information leading to admissible evidence.

Upon an *in camera* review of the settlement agreement, the Court concludes that the production of the settlement agreement would not lead to admissible evidence. Nothing in the agreement would provide Defendant with information regarding the Plaintiff's injuries and ability to pay for medical procedures undertaken. The settlement agreement itself provides no details regarding the injuries the settlement intended to redress, a breakdown of the settlement amount or the intended allocation of the monies paid to Plaintiff.

As for the request for all settlement-related information regarding the Vargas litigation derived from documents in Plaintiff's possession or within Plaintiff's knowledge, the Court finds that, to the extent the information exists, the Plaintiff shall produce documents and respond to questions at her deposition that relate to the settlement of the Vargas litigation, limited to the following two issues: (1) the injuries the settlement was intended to redress and (2) any breakdown or allocation of the settlement proceeds to specific injuries or expenses.

Finally, the Court will allow Defendant to request specific documents related to the Vargas litigation, if after the deposition of Ms. Valiante, facts are adduced that alter the assumptions upon which this ruling is based.

Compliance with discovery ordered by the Court shall be

made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 20th day of January 2011.

```
            /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```